UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE ROJAS-RENTERIA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:20-cv-1761-NONE-HBK (SS)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND/OR FAILURE TO COMPLY WITH COURT ORDER<br><br>FOURTEEN-DAY RESPONSE PERIOD |

This matter is before the Court upon periodic review of the file. Plaintiff initiated this action with the assistance of counsel on December 14, 2020. (Doc. No. 1). Plaintiff was grated leave to proceed *in forma pauperis*. (Doc. No. 3). On January 25, 2021, a Scheduling Order was entered. (Doc. No. 5). On May 6, 2021, the Court granted plaintiff's counsel motion to withdraw and directed plaintiff, within thirty days, to have new counsel enter an appearance or alternatively advise the court whether he wished to proceed *pro se*. (Doc. No. 13). On May 17, 2021, the Commissioner lodged the Certified Administrative Record ("CAR"), triggering certain deadlines, including the deadline for plaintiff to file an opening brief in this matter. A review of the docket reveals no action by plaintiff to further prosecute this case. *See* docket. Specifically, new counsel

has not entered and appearance on behalf of plaintiff nor has plaintiff advised the court that he wishes to proceed *pro se* in this case as directed by the Court's May 6, 2021 Order. (See Doc. No. 13, ¶ 3). Further, the plaintiff has not filed an opening brief by the deadline specified in the Scheduling Order. (*See* Doc. No. 5 at ¶¶ 3, 4, 6, requiring opening brief no later than 105 days after the filing of the CAR).

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is **ORDERED**:

1. Within **fourteen (14) days** from receipt of this Order, Plaintiff shall show cause why this case should not be dismissed for failure to prosecute and/or failure to comply with the Court's May 6, 2021 Order. If Plaintiff fails to respond to this Order, or explain his inability to respond, the undersigned will recommend the District Court dismiss this case without further notice.

2. Alternatively, if Plaintiff wishes to voluntary dismiss this case, he shall file a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41 (a) within **fourteen (14) days**.

Dated:    December 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE