1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD LEE ROJAS-RENTERIA,                No.  1:20-cv-1761-JLT-HBK (SS)

12                  Plaintiff,                   FINDINGS   AND   RECOMMENDATIONS
                                                 TO DISMISS CASE WITHOUT PREJUDICE
13          v.                                   FOR FAILURE TO PROSECUTE AND/OR
                                                 COMPLY WITH COURT ORDER[1]
14   COMMISSIONER OF SOCIAL
     SECURITY,                                   FOURTEEN-DAY RESPONSE PERIOD
15
                    Defendant.
16

17

18

19

20          Based upon a review of the docket and Plaintiff's failure to respond to an order to show

21   cause the undersigned recommends the District Court dismiss this action for Plaintiff's failure to

22   prosecute this action or and/or comply with a court order.

23                                      **FACTUAL BACKGROUND**

24          Plaintiff initiated this action with the assistance of counsel on December 14, 2020.  (Doc.

25   No. 1).  Plaintiff was grated leave to proceed *in forma pauperis.*  (Doc. No. 3).  On January 25,

26   2021, a Scheduling Order was entered.  (Doc. No. 5).  On May 6, 2021, the Court granted

27

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Ca. 2019).

                                                  1

Plaintiff's counsel motion to withdraw and directed Plaintiff, within thirty days, to have new counsel enter an appearance or alternatively advise the court whether he wished to proceed *pro se*. (Doc. No. 13).  On May 17, 2021, the Commissioner lodged the Certified Administrative Record ("CAR"), triggering certain deadlines, including the deadline for Plaintiff to file an opening brief in this matter.  On December 20, 2021, after a review of the docket revealed no action by Plaintiff to further prosecute this case the undersigned issued an Order to Show Cause to Plaintiff.  (Doc. No. 17).[2]  The Order directed Plaintiff to show cause why this case should not be dismissed for his failure to prosecute the action and/or for his failure to comply with the Court's May 6, 2021 Order.  (*Id*. at ¶ 1).  The Order further warned Plaintiff that if he failed to respond to the Order, or explain his inability to respond, the undersigned will recommend the District Court dismiss this case without further notice.  (*Id*.).  Plaintiff has not responded to the Order to Show Cause and the time to do so has expired.

## APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Involuntary dismissal is a strict penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to

---

[2] Specifically, new counsel had not entered an appearance on behalf of Plaintiff nor had plaintiff advised the court that he wished to proceed *pro se* in this case as directed by the Court's May 6, 2021 Order. (See Doc. No. 13, ¶ 3). Further, Plaintiff has not filed an opening brief by the deadline specified in the Scheduling Order. (*See* Doc. No. 5 at ¶¶ 3, 4, 6, requiring opening brief no later than 105 days after the filing of the CAR).

manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

**ANALYSIS**

The undersigned considers the above-stated factors and concludes they favor dismissal of this case.  The expeditious resolution of litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The Court has already attempted a less

3

1   drastic action by issuing an order to show cause to provide Plaintiff an opportunity to prosecute

2   this action.  Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser

3   sanction than a dismissal with prejudice, thereby addressing the fifth factor.

4          A case cannot linger indefinitely on this Court's already overburdened docket.  A

5   dismissal of this action for failure to prosecute and failure to comply with court orders is in

6   accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears

7   Plaintiff has abandoned this action.  Plaintiff failure to respond to the Court's Orders warrants the

8   sanction of dismissal under the circumstances.  The undersigned accordingly recommends

9   dismissal *without prejudice* under Fed. R. Civ. P. 41 and Local Rule 110.

10          Accordingly, it is **RECOMMENDED**:

11          This case be dismissed without prejudice for Plaintiff's failure to prosecute this action

12   and/or comply with the Court's orders.

13                              NOTICE TO PARTIES

14          These findings and recommendations will be submitted to the United States district judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

16   days after being served with these findings and recommendations, a party may file written

17   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendations."  Parties are advised that failure to file objections within the

19   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

20   838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

21

22   Dated:    January 26, 2022

23                                        HELENA M. BARCH-KUCHTA
                                          UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28

                                          4